**KURZ–KASCH, INC., Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. MS–3–86–18.

United States District Court, S.D. Ohio, W.D.

June 16, 1986.

Charles J. Faruki, Dayton, Ohio, for petitioner.

James A. Wilson, Dayton, Ohio, Beverly A. Sharpe, for respondent.

DECISION AND ENTRY GRANTING PETITION OF KURZ–KASCH, INC. TO PERPETUATE THE TESTIMONY OF ROBERT BATT; ORDER THAT ROBERT BATT BE DEPOSED WITHIN 30 DAYS OF RECEIPT OF THIS ENTRY

RICE, District Judge.

This case is before the Court on the Verified Petition of Kurz-Kasch, Inc. to

---

**2.** See the Court's Memorandum Opinion rendered this date which addresses the cross motions for summary judgment.

Perpetuate the Testimony of Robert Batt (Doc. # 1). Respondent United States of America has opposed this Petition, arguing that this deposition would reveal secret grand jury material, that this deposition is an attempt to use the broad scope of civil discovery to facilitate discovery in a criminal action and that this deposition has not been justified by a sufficient showing of Robert Batt's ill health. For the reasons set forth below, the Court must reject these arguments and grant Petitioner Kurz-Kasch, Inc.'s Petition to Perpetuate the Testimony of Robert Batt.

■ Upon examination of the arguments set forth by Respondent and Petitioner, the Court must conclude that this Petition to perpetuate testimony is not an attempt to circumvent the limited scope of criminal discovery by use of civil discovery procedures. In essence, this deposition to perpetuate testimony is an effort by Petitioner to put into admissible form what Petitioner already knows. The only facts unknown to Petitioner that could be discovered by the deposition to perpetuate testimony are those the United States chooses to reveal in its cross examination. Accordingly, the Court must conclude that this deposition to perpetuate testimony is not an illicit attempt to use civil discovery to go beyond the limited scope of criminal discovery.

Similarly, the only way in which secret grand jury materials could be revealed through this deposition to perpetuate testimony is in the United States's cross examination of the witness. The United States, however, is not required to cross examine the witness to be deposed with one of the attorneys involved in the grand jury investigation. Instead, the United States could cross examine the witness with an attorney who has prepared for the deposition by an investigation independent of the grand jury proceedings. While the Court is aware that such a duplicative investigation places a burden on the Respondent, the Petitioner needs this deposition not only to defend against a potential criminal case, but also for possible civil litigation or administrative proceedings. Accordingly, the Court must

reject Respondent United States's arguments that the secrecy of grand jury proceedings would be compromised by this deposition to perpetuate testimony.

■ Finally, the Court notes that Petitioner has made a *prima facie* showing that the witness's health is such as to justify a deposition to perpetuate testimony. The Court notes that it is uncontroverted that Mr. Batt has suffered two heart attacks and has had five pacemakers since 1972, with his most recent heart attack occurring in August, 1985. The Court is satisfied that these facts in themselves indicate that a deposition to perpetuate testimony "may prevent a failure or delay of justice...." Fed.R.Civ.P. 27(a)(3). Accordingly, the Court rejects Respondent's argument that Petitioner has not made a sufficient showing of need for this deposition to perpetuate testimony.

Having found that a deposition to perpetuate the testimony of Mr. Robert Batt "may prevent a failure or delay of justice," and having rejected Respondent's arguments in opposition to this Petition, the Court hereby grants the Petition to perpetuate testimony. Accordingly, it is ordered that a deposition to perpetuate the testimony of Robert Batt be had within 30 days of receipt of this entry.